UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

MICHAEL JEROME SERBOUSEK,  )
                                                )
           Plaintiff,       )     No. 16 cv 7 EJM
vs.                                )
                                                )     ORDER
CAROLYN W. COLVIN,          )
ACTING COMMISSIONER OF   )
SOCIAL SECURITY,            )
                                                )
          Defendant.     )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for disability and supplemental benefits under the Social Security Act, 42 U.S.C. §§ 416, 423. Briefing concluded August 8, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded.

Plaintiff asserts the Administrative Law Judge (ALJ) (1) failed to give proper controlling weight to the opinions of plaintiff's treating psychiatrist and treating psychologist, (2) failed at step 2 to identify certain physical impairments, and (3) improperly judged the credibility of plaintiff and others. Plaintiff asserts that the Commissioner's decision is thus not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

The ALJ found that plaintiff suffered from mental disorders variously described as major depressive disorder, bipolar disorder, generalized anxiety disorder, personality disorder and alcohol abuse in remission. On May 5, 2012, after a hearing, the ALJ found that plaintiff's impairments did not constitute disability. On July 29, 2013, the Appeals Council found that plaintiff's alcohol abuse was not in remission during part of the relevant time, and suggested remand with specific instructions to conduct further investigation concerning his mental limitations. This court accordingly reversed and remanded on April 15, 2014. 13 cv 122 EJM.

On remand, the same ALJ held another hearing on February 24, 2015 and issued another decision denying disability on April 6, 2015, which decision was remarkably similar in substance and even wording to her original decision. (compare Tr. 13-24 with Tr. 630-647.) This court now examines whether the second ruling cured the problem with the first ruling; not properly assessing plaintiff's mental disorders.

Plaintiff started treatment with psychiatrist Ali Safdar, M.D., on September 15, 2006. He has had a long-term doctor-patient treating relationship with Dr. Safdar from 2006 to the present. Psychologist Dick Sockwell, M.S., M.S. Ed., started treating plaintiff on January 31, 2011, and also established a long-term treating relationship with plaintiff. Drs. Safdar and Sockwell both opined that plaintiff was suffering major depression and unable to work or seek work for at least three months as of 10-19-2010, then another three months as of 1-26-11, another three months as of 4-11-11, and again as of 7-6-2011, and since at least 1-13-11. They both further testified that plaintiff suffered generalized anxiety disorder; had a very low capability of maintaining attendance and

2

completing a normal work day and work week without interruptions from symptoms on a sustained basis; had a low capability of sustaining concentration and maintaining attention and pace in a work setting on a sustained basis; had a low capability to work and interact with supervisors, co-workers or the public, on a sustained basis; and had a low capability to accept and adjust to changes in a workplace on a sustained basis; and had more bad days than good days. (Tr. 257-258.) If given controlling or even substantial weight, these two opinions might very well have established a mental disability. They were not.

The Eighth Circuit recently explained when controlling or substantial weight is to be afforded to treating physician opinions:

> The ALJ must give "controlling weight" to a treating physician's opinion if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Wagner v. Astrue*, 499 F.3d 842, 848–49 (8th Cir.2007) (internal quotation marks and emphases omitted). See S.S.R. 96–2p, Policy Interpretation Ruling, Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188 (July 2, 1996) ("Not inconsistent . . . is a term used to indicate that a well-supported treating source medical opinion need not be supported directly by all of the other evidence (i.e., it does not have to be consistent with all the other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion."). "Even if the [treating physician's] opinion is not entitled to controlling weight, it should not ordinarily be disregarded and is entitled to substantial weight." *Samons v. Astrue*, 497 F.3d 813, 818 (8th Cir.2007). It may have "limited weight if it provides conclusory statements only, or is inconsistent with the record." *Id.* (citations omitted). The ALJ "may discount or even disregard the opinion ... where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir.2015).

Papesh v. Colvin, 786 F.3d 1126, 1132 (8th Cir. 2015).

The ALJ assigned Dr. Safdar's opinion little weight because Dr. Safdar used a form used by another governmental agency to determine plaintiff's eligibility for social services. (Tr. 644.) But the information contained in the form was the same information needed and relevant to the disability decision, so this is not really a reason to exclude it. The ALJ deemed Dr. Safdar's opinion and Dr. Sockwell's opinion "quite conclusory," and discounted them. However, a review of the record, including Dr. Safdar's added opinion at the second hearing, shows that the two opinions are somewhat detailed and consistent with the record, including being quite consistent with each other. The patient's mental condition clearly went up and down over time, as is common with bipolar disorder. The ALJ compares the treating physicians' opinions with the patient's best times, and finds them inconsistent. Compared with his worst times, they are entirely consistent. Taking the record as a whole, taking into account the patient's best times and his worst times, the doctors' opinions are consistent generally with the evidence in the record. Thus, there is not enough evidence in the record for the ALJ to discount both the long-term treating psychiatrist's opinion and the relatively long-term treating psychologist's opinion on disability. Papesh v. Colvin, supra.

The ALJ's reasons for assigning Dr. Safdar's and Dr. Sockwell's opinions little weight are not supported by substantial evidence. The ALJ was, in effect, substituting his judgment for the opinion of plaintiff's treating physicians. The Court of Appeals has said many times that is error. *See, e.g.* Easter v. Bowen, 867 F.2d 1128, 1131 (8th Cir.1989); Bergquist v. Astrue, 818 F. Supp. 2d 1125. 1131-32 (S.D. Iowa 2011). Because Dr. Safdar's and Dr. Sockwell's limitations and opinions are sufficiently

4

supported by the record as a whole, they should have been afforded controlling or substantial weight. The court need not examine plaintiff's other claims of error.

This case started at the agency in 2010, and first came to this court in 2013. The record is sufficiently clear, with the testimony of two treating physicians, that plaintiff is mentally disabled.

It is therefore

ORDERED

Reversed and remanded for the determination of benefits.

August 11, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT